**LIN TAO QU, Mei Yun Yu, Petitioners,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

Nso. 04–0581–AG(L), 04–0583–AG–(CON).

United States Court of Appeals, Second Circuit.

Oct. 19, 2005.

Theodore N. Cox, New York, New York, for Petitioner.

Lara K. Eshkenazi, Assistant United States Attorney, for David N. Kelley, United ed States Attorney for the Southern District of New York, New York, New York, for Respondent.

Present: McLAUGHLIN, RAGGI, Circuit Judges, and RAKOFF,[1] District Judge.

1. The Honorable Jed S. Rakoff, of the United    States District Court for the Southern District

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petitions for review of the January 13, 2004 order of the Board of Immigration Appeals ("BIA") are DENIED.

Lin Tao Qu and Mei Yun Yu, Chinese citizens who are married to each other, challenge the BIA's decision to deny their motion to reopen removal proceedings at which they had unsuccessfully sought asylum and withholding of removal. We review the BIA's decision to deny a motion to reopen for abuse of discretion. *See Zhao v. United States Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

The BIA denied petitioners' motion to reopen as untimely. Petitioners concede that their January 26, 2002 motion was not filed within the requisite 90 days of the BIA's October 10, 2000 final order of removal. *See* 8 C.F.R. § 1003.2(c)(2). Nevertheless, they submit that the BIA erred in not affording them equitable tolling of the limitations period in light of their counsel's ineffective failure to notify them of the final BIA decision and their own diligence in thereafter pursuing legal remedies. *See Iavorski v. United States INS*, 232 F.3d 124, 135 (2d Cir.2000) (holding that "[f]or an untimely claim to receive the benefit of equitable tolling ... an alien must demonstrate not only that the alien's constitutional right to due process has been violated by the conduct of counsel, but that the alien has exercised due diligence in pursuing the case during the period the alien seeks to toll"). We disagree. The record in this case simply does not support equitable tolling for the extended period requested by petitioners.

Assuming *arguendo* that petitioners' former counsel failed to notify them of the BIA's final order of removal, petitioners nevertheless acknowledge awareness of the BIA decision by March 2001. Had petitioners filed to reopen within 90 days of March 2001, they might well present a meritorious case for equitable tolling. But plaintiffs did not file their motion to reopen until January 26, 2002, almost ten months—approximately 300 days—after their March 2001 discovery of the BIA's final order of removal. Because petitioners fail to demonstrate that this lengthy delay was attributable to the misconduct of former counsel, their compliance with *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (B.I.A. Apr. 13, 1988), is irrelevant to the question of equitable tolling beyond March 2001. In any event, petitioners fail to establish their own due diligence in the ten months after March 2001 so as to compel the BIA to excuse their untimely January 2002 filing. In sum, we cannot conclude that the BIA abused its discretion in denying petitioners' motion to reopen their removal proceedings.

The petition for review of the BIA order of January 13, 2004, is hereby DENIED.